ELBERT FELTON *vs* GEORGE W. HALES.

In case of bailment, the owner of the property has no right of action against the bailee until the termination of the bailment; but, after the termination of the bailment, the owner can recover without a demand for possession.

When a bailee denies the title of the owner, and sets up title in himself, no demand for possession is necessary; and the defendant is precluded from objecting the want of demand, where, in his *answer*, he alleges property in himself.

· CIVIL ACTION for the recovery of a saw mill, under the provisions of the Code for Claim and Delivery of personal property, tried before *Russell, J.,* at Spring Term, 1872, of the Superior Court of WILSON.

The opinion of the Court contains a statement of the case.

*Faircloth,* for the plaintiff.
*Smith & Strong,* for the defendant.

BOYDEN, J. This was a case of claim and delivery. "The witness testified, that after the plaintiff had put the mill in possession of the defendant, it was agreed that defendant should have it till January. Some said until January, and others the

first day of January.   That the plaintiff demanded it of the defendant in December; and on the first day of January the summons in this action issued.   The defendant's counsel prayed the Court to instruct the jury that, as there was no demand after the plaintiff (Felton's) right to possession accrued, plaintiff could not recover."   The Court told the jury that the plaintiff must have had the right of possession at the time of the commencement of the action, and if the bailment had not terminated then, that he could not recover.   But if they found, from the evidence, that by the contract between the parties the bailment was at an end, no demand was necessary, especially if they found that the defendant was, after the termination of the bailment, and at the commencement of the suit, holding it adversely and claiming it as "his own."

.We see no error in this charge against the defendant.   We think it at least quite as favorable as the testimony warranted.  The question as to the termination of the bailment, whether it terminated on the first moment of the first day of January, or on the last moment of the last day, thereby giving the defendant until the close of that day, was fairly submitted to the jury.   This Court thinks that, inasmuch as the defendant, in his answer, set up title to the mill and claimed it as his absolute property, no demand was necessary.   *Cui bono*, make a demand!

When a tenant has attorned to a stranger, or done some other act disclaiming to hold as tenant to the landlord, a notice to quit is not necessary; 3 Phillips on Evidence 276.

This is the law in case of a denial *in pais*, much more is it so when he puts it upon record by his plea to the action.

PER CURIAM.                    Judgment affirmed.