J. H. HAYES WOOLEN COMPANY v. D. R. McKINNON et al.

(DEFENDANTS' APPEAL).

*Claim and Delivery—Right to Possession—Contract—Repudiation—Right to Account.*

1. A bill of sale which recited that, in consideration of a sum "paid by W., agent" for plaintiff, a bargainor sold and conveyed a stock of goods, vested the title in the plaintiff and not in the agent, and the former may maintain an action of claim and delivery for the goods.

2. Where plaintiff consigned to defendants a stock of goods, the latter to conduct the business in the name of the former and to account to plaintiff for all proceeds, and plaintiff brought action of claim and delivery: *Held*, that the denial, in defendants' answer, of plaintiff's ownership was a repudiation of the contract and rendered it unnecessary for plaintiff to prove a demand for an accounting and a refusal before bringing action.

3. In claim and delivery by the owner of a stock of goods under a contract with defendants entitling the latter to retain possession and to be revested with the title whenever the net profits paid to the owner should amount to $750, the defendants are entitled to an accounting to ascertain the amount of net profits paid over so that the owner may be charged with the same in adjusting the rights of the parties.

ACTION of claim and delivery, tried before *Armfield, J.*, and a jury, at August Term, 1893, of BUNCOMBE Superior Court.

The following issues were submitted to the jury:

"1. Did the defendants make the written contract set forth in the complaint with the plaintiff? Answer, Yes.

"2. Is the plaintiff the owner of the goods which it claims in the complaint and entitled to the possession thereof? Answer, Yes.

"3. What is the value of said goods? Answer, $794.23.

" 4. Has the plaintiff failed to perform its part of said contract made with the defendants? Answer, Yes.

" 5. What damage have the defendants sustained by reason of plaintiff's failure to perform said contract? Answer, $300."

The following is the material part of the judgment, from which both parties appealed:

"Now, therefore, it is ordered and adjudged by the Court that the plaintiff do recover from the defendants the goods, chattels and choses in action described in the inventory attached to the complaint in this case, together with the costs of this action.

" It is also adjudged that the defendants upon their counter-claim recover from the plaintiff, the Jos. M. Hayes Woolen Co., the sum of $300 damages for the breach by the plaintiff of the written contract between the parties thereto, as set forth in the complaint."·

*Mr. James H. Merrimon*, for plaintiff.
*Mr. Charles A. Moore*, for defendants (appellants).

Burwell, J.: The plaintiff here brings its action for the possession of certain personal property, and has availed itself of the ancillary remedy of " claim and delivery," and under that proceeding the property was taken by the Sheriff and delivered to the plaintiff according to the provision of *The Code.*

In the second paragraph of its complaint the plaintiff says:

" That on the 9th day of April the plaintiff, at Asheville, N. C., was the owner and lawfully possessed of the personal property, the goods and chattels and choses in action, as set forth and described in the annexed inventory, of about $750, then and ever since its property."

This is expressly denied by the defendants in their answer.

In the third paragraph of the complaint it is alleged that on the 9th day of April, 1892, the plaintiff entered into the following contract with the defendants:

"This agreement, made and entered into this 9th day of April, 1892, by and between Robert Winkleman, agent for the Joseph M. Hayes Woolen Company, of St. Louis, Mo., party of the first part, and D. R. McKinnon and H. Petrie, of the county of Buncombe and State of North Carolina, parties of the second part, witnesseth, that the party of the first part, for and in consideration of the sum of ten dollars to him in hand paid by the parties of the second part, the receipt of which is hereby acknowledged, and for the further consideration of the mutual covenants and agreements herein mentioned, has this day consigned to the said parties of the second part all of a certain stock of goods and fixtures now in and belonging in a certain store-house, No. 47 South Main street, Asheville, N. C., and being all the goods by him this day bought from J. McD. Whitson, assignee of McKinnon & Petrie.

"And the parties of the second part agree to hold said goods as the agents of the party of the first part, and to conduct the business, which is a tailoring business, in the name of the party of the first part, and to conduct it in a business-like manner, and to keep a correct account of all receipts and expenditures, and to furnish to the owners, at any time demanded, a correct account of affairs, and to turn over to the party of the first part all funds that come into their hands.

"And the party of the first part agrees to supply from time to time such goods as are necessary to keep said business in operation, and when the parties of the second part

have so conducted said business that the net earnings to the party of the first part have amounted to the sum of seven hundred and fifty dollars then the title to all the property remaining in said store-house and connected with said business shall vest immediately in and be the property of the parties of the second part.

"And the party of the first part agrees to let said parties of the second part continue said business in said manner until January 1, 1893, if such a time is found necessary and so desired by the parties of the second part.

"And the parties of the second part do hereby, in consideration of the premises above-mentioned and the further consideration of one dollar to them paid, the receipt of which is hereby acknowledged, sell, transfer and set over all their personal property exemptions and rights thereto, arising out of and connected with the assignment of the parties of the second part to J. McD. Whitson, to the party of the first part, said assignment being dated April 6, 1892, and of record in book 28, in the office of Register of Deeds for Buncombe county, in said State.

"And the parties of the second part agree to keep said property insured in a sum at least equal to seven hundred and fifty dollars, and to have the loss, if any, made payable to the said party of the first part, as his interest may appear and actually be.

"Witness our hands and seals, the day and date first above written.

"D. R. McKINNON, [Seal.]
"H. PETRIE, [Seal.]
"ROBERT WINKLEMAN, [Seal.]
"Witness:
"WM. H. LEWIS."

In answer to this paragraph of the complaint the defend-

ants say: "That the allegations contained in the third paragraph of the complaint are untrue; that, as they are advised and are informed and believe, the said paper-writing, a copy of which they believe is correctly inserted in said third paragraph, was made with one Robert Winkleman, and not with the plaintiff, the Hayes Woolen Co."

The execution of this writing being thus admitted by the defendants, its effect, so far as it related to the ownership of the property described therein, which was conceded to include that which was mentioned in the complaint and which has been seized under the warrant of claim and delivery, was a question of law to be determined by the Court. The defendants in their answer aver that the goods in controversy here were originally a part of the stock of the firm of McKinnon & Petrie, which firm on April 6, 1892, made an assignment to J. McD. Whitson for the benefit of their creditors, of whom the plaintiff was one, reserving to each of said firm his exemptions, and that thereafter the following deed was executed by the assignee:

"State of North Carolina—Buncombe County.

"Know all men by these presents that for and in consideration of the sum of $1,500 to me in hand paid by Robert Winkleman, agent for Jos. M. Hayes Woolen Company, of the city of St. Louis, Mo., the receipt whereof is hereby acknowledged, I have this day sold, and do hereby sell and convey, transfer, assign and set over, all and singular, the goods and chattels, notes and accounts, choses in action, and other evidences of debt, together with all the other property described in the deed of assignment executed to me on the 6th day of April, 1892, by D. R. McKinnon and H. Petrie, of the city of Asheville, in the county of Buncombe and State of North Carolina, said goods and chattels being now in the store-house No. 47, on South

Main street, in said city of Asheville, a correct inventory of which is this day given and furnished with this bill of sale.

"In testimony whereof I, J. McD. Whitson, assignee in the said deed of assignment, have hereunto set my hand and seal, this the 9th day of April, 1892.

"J. McD. WHITSON, *Assignee*, [Seal.]

"Witness:

"WM. H. LEWIS."


The earnest contention of the defendants, disclosed by their answer, was that the plaintiff was not the owner of the goods assigned as aforesaid by the trustee Whitson—that that assignment was to Robert Winkleman and not to the plaintiff. We cannot assent to this proposition. The consideration, as stated in the instrument, was "paid by Robert Winkleman, agent," for the plaintiff, and it is clearly indicated by terms of the deed that the title to the goods was to be put thereby in the Jos. M. Hayes Woolen Company, so far as the trustee could transfer it. Only one other thing was needed, as we think, to make the plaintiff's title complete on that day, and that was that the defendants' claims for exemptions out of the stock should be adjusted. And this was done by the contract heretofore set out, the execution of which the defendants admit, by which they did "sell, transfer and set over all their personal property exemptions and rights thereto" which they had reserved under their assignment to Whitson. That contract was made by the defendants with the plaintiff through its agent, Robert Winkleman. There is nothing about it to show that Winkleman individually had any part or lot in it. It was plainly expressed in it that he was acting for the plaintiff. All the surrounding circumstances showed that the defendants so regarded him and so contracted with

him. The fact that he signed merely "Robert Winkleman [Seal]" to the instrument has no importance. The defendants executed that contract and thereby distinctly recognized the plaintiff as the owner of the goods and agreed to hold them as the plaintiff's consignees or agents according to the terms of that writing.

His Honor did not err, therefore, when he told the jury to find the first fact involved in the second issue, to-wit, the plaintiff's ownership of the goods, in its favor. That issue involved another fact, to-wit, the plaintiff's right to the possession of the goods.

According to the provisions of the contract the defendants were to have possession of the goods, with a right to dispose of them in the regular usual course of the business, until January 1, 1893. This suit was brought before that time had expired. Had the defendants forfeited their right to hold and use the goods under that contract? We think so. Their right to the possession of the property was conditioned upon their continued performance of those duties to the plaintiff which they stipulated in the contract that they would do. Such is the reasonable and proper construction of that agreement. There was to be a constant recognition of the plaintiff's ownership. The business was to be conducted in its name. They expressly agreed that they would "keep a correct account of all receipts and expenditures" and furnish to the owners at any time demanded a correct account of affairs and turn over to the party of the first part, the plaintiff, all funds that came to their hands. Now, the averments of the answer, independent of any evidence, are themselves sufficient to entitle the plaintiff to assert a right of possession of the goods. In that answer the defendants distinctly deny that the plaintiff is or was the owner of the goods. This was, of course, equivalent to a repudiation of all their obligations

to the plaintiff growing out of that contract. No proof of a demand for an account and a refusal was necessary. *Wiley* v. *Logan*, 95 N. C., 358. The title having been shown to be in the plaintiff, as above stated, his Honor might well have held that the declarations of the defendants in their answer showed that the plaintiff had a right to take possession of the goods. Thus it was properly determined that the plaintiff was not only the owner but was entitled to the immediate possession of the goods described in the complaint.

We do not deem it necessary, in the view we take of the case, to consider *seriatim* the objection to the admissions of evidence and to the charge of his Honor so far as these exceptions relate to the first and second issues, for, as we have said, those issues should have been answered in the affirmative upon the pleadings and the writings put in evidence by the parties.

The "case" on the defendants' appeal contains the following statement:

"The jury returned their verdict as appears in the record, when the defendants moved, in writing, that an issue be submitted to the jury or an account be taken to ascertain what credits the defendants are entitled to upon the $750, balance due to the plaintiff, and that they be permitted to pay the same if the goods could be re-delivered to them, and if they could not be re-delivered to them that the plaintiff be adjudged to pay to them the difference between the amount due, after deducting credits so ascertained, and the value of said goods as settled by the jury. The written motion in the record is to go as part of this case to the Supreme Court. This motion was refused by the Court, and the defendants excepted. The judgment appearing in the record was then rendered, and the defendants excepted."

WOOLEN COMPANY *v.* McKINNON.

An account should have been ordered. The allegations of the complaint itself showed what was in effect an agreement by plaintiff to sell the goods to the defendants for the sum of $750. The controversy is here *inter partes.* It matters not whether the writing be called a mortgage or a contract of sale. The legal effect of it was to put the title to the goods in the plaintiff subject to defendants' right to pay for them and thus acquire title to them. The rights of the parties may be adjusted in this action. *Austin* v. *Secrest,* 91 N. C., 214. In such accounting the goods taken by this action should be valued at $794.25, as found by the jury, and it should also be charged with such sum as it has collected.                                    Error.

------

PLAINTIFF'S APPEAL IN SAME CASE.

BURWELL, J.: After a careful examination of the defendants' answer we find no allegations upon which, as it appears to us, the fourth and fifth issues can be properly supported. Throughout that pleading there is a persistent denial that there was any contract between them and the plaintiff. It would be hard measure, indeed, to allow the plaintiff to be mulct in damages at defendants' instance for not doing what the defendants themselves insisted the plaintiff was not bound to do. These two issues and the findings thereon should be stricken out. In this appeal there is error. The judgment in this cause will be set aside and an order for an account will be made.