E. W. ATWATER v. G. C. FARTHING.

*Accommodation   Endorsers—Co-Sureties—Contribution.*

Where A. endorsed a note for the maker and subsequently, but
    before it was discounted, F. endorsed it, and A. paid the
    note ; *Held*, that F. was a co-surety and the doctrine of con-
    tribution applies for A's benefit.

CIVIL ACTION, heard before *Starbuck, J.*, at October
Term, 1895, of DURHAM Superior Court, on appeal from a
judgment rendered by a justice of the peace. The facts
appear in the opinion of Associate Justice FURCHES. There
was judgment for the plaintiff and defendant appealed.

  *Messrs. Shepherd, Manning & Foushee*, for plaintiff.
  *Messrs. Fuller, Winston & Fuller*, for defendant (appel-
lant).

FURCHES, J. :   R. H. Atwater, wishing to borrow money,
drew a note for $250, payable to J. F. Slaughter, Jr.,
cashier, and the plaintiff E. W. Atwater and the defend-
ant G. C. Farthing endorsed the same for the accommoda-
tion of the principal R. H. Atwater, and he procured it to
be discounted at the National Bank of Durham. The
plaintiff endorsed this note some days before the defendant
did. But both endorsed it before it was discounted. The
plaintiff afterwards paid the balance of this note, amount-
ing to about $185. And the principal, R. H. Atwater,
being insolvent and having left the State, the plaintiff
demanded of the defendant contribution of one-half of the
amount he had paid, which was refused, and he brings
this action to recover the same.

This case is governed by *Daniel* v. *McRae*, 2 Hawks.,
590 ; and *Dawson* v. *Pettway*, 4 Dev. & B., 396. There are a

number of other cases to the same effect; but these are
the leading cases, and we do not care to encumber this
opinion with other authorities. It was admitted by the
learned counsel, who argued for the defendant, that
*Daniel* v. *McRae, supra,* was against him. But he con-
tended that this opinion was not supported by principle,
and was in conflict with the adjudged cases of nearly every
state of the Union, and that it had been severely criticised
by this Court. But whether it was put on sound business
principles or not, (and we do not say that it was not,) and
whether it has been criticised or not, (and we must admit
that it has been,) it has stood for itself since 1823. And
although it was criticised by GASTON, J., delivering the
opinion of the Court in *Dawson* v. *Pettway, supra,* in 1839,
he then said it had been too long the recognized law of
the State to be reversed, even admitting that the reason-
ing upon which it was founded was not sound. And if it
had been the recognized law in 1839 for too great length of
time to be changed, how much greater is that reason now,
after a period of more than fifty years since that opinion
was rendered? According to this opinion the defendants
were co-sureties and subject to the doctrine of contribution.
We can add nothing to the argument contained in these
cases, and we do not propose to reoccupy this field of dis-
cussion, exhausted by Judge HENDERSON and Judge GASTON
more than fifty years ago. There is no error and the
judgment is affirmed.

Affirmed.