CONNOR, J., dissenting; WALKER, J., concurring in dissenting opinion.
The prisoner was convicted and sentenced to the State's Prison as accessory before the fact to Henry Walker, (642) who had been convicted of burglary with assault with intent to murder L. Banks Holt at Graham.
The first exception is to the refusal of the motion to remove the cause to another county for trial. Rev., 427, provides that the Judge shall not remove any cause, whether civil or criminal, unless he "shall be satisfied that the ends of justice demand it." His action is not reviewable. S. v.Smarr, 121 N.C. 672.
The second exception is to the admission of the question, "What seemed and what was the relation between Henry Walker and the prisoner?" It was competent to show that these relations were friendly and intimate, and being a matter of common observation and experience, it was not a matter requiring that the witness should be an expert in order to express his opinion. It was a fact based on observation, as much so as the state of the weather, whether the temperature was cold or *Page 476 
warm, whether a person was angry, is insane, and similar matters. This is because no better evidence can be had than the observation of eyewitnesses, and the jury must draw their conclusion from the evidence. 1 Elliott Ev., sec. 671, prop. 4; Blake v. State, 73 N.Y. 586; McKee v. Nelson, 4 Cowen, 355. The opinion of witnesses in such matters is the result of many observations, which cannot be detailed to the jury. 1 Elliott Ev., 547.
The third and fourth exceptions are that the Court did not charge the jury that there was no evidence tending to show that the prisoner had any motive to commit the crime. The Judge was not asked to so charge. Patterson v. Mills, 121 N.C. 258, and cases there cited. Besides, it was not necessary to prove motive for the commission of crime — S. v. Adams, 136 N.C. 617; S. v. Wilcox, 132 N.C. 1143
— though when circumstantial evidence is relied on to prove the commission of the offense it is competent for the State to show motive. S. v. Green, 92 N.C. 779;S. v. Adams, 138 N.C. 697. Furthermore, there were in fact circumstances in this case from which the jury might have inferred motive. The able charge of the Court was fully as favorable to the prisoner as she had any right to ask.
The prisoner files a motion here for a new trial for newly-discovered evidence, on the ground that Henry Walker, who was one of the witnesses against the prisoner, on the scaffold retracted his evidence. As he at the same time withdrew his confession of his own guilt made after his conviction and denied all knowledge of the crime of which he had been convicted upon evidence which was conclusive to the jury that convicted him, to the trial Judge and to the Governor, such hearsay retraction as to the prisoner should not carry more weight with the Court than his sworn statement at the trial and cross-examination, especially in view of the evidence of other witnesses that the prisoner took the key out of the door, by use of which Walker entered the house, and that the key was found in the lock on the outside of the door after the shooting; that Mr. Holt had refused to sign the petition for her husband's pardon, and her attempt to flee when arrested, even if we could consider the motion. But this Court has uniformly held that under the Constitution it has no power to entertain such motions in criminal cases, and has no desire to assume a function which can be more efficiently performed by the Executive. The authorities and the reasons governing us are too recently set forth in S. v. Lilliston,141 N.C. 863-869, to require their repetition here. The jury did not act solely upon the testimony of Walker, for it acquitted the co-defendant of the prisoner, who was also implicated by his testimony.
At common law there was no appeal in any criminal case, the (644) sole remedy being by application to the Home Office, which is *Page 477 
equivalent to the application to the Governor here. To this day, this is still the law in England. Our Constitution has changed this only to allow an appeal for error of law below, "on any matter of law or legal inference." The organic law did not change the common law further so as to give criminals an appeal upon the facts, and did not allow us to review them upon affidavits as to facts not submitted to the jury. We have no right, as this Court has always held, to assume a power which the Constitution has left, as at common law, with the Executive Department. It is unnecessary for us to review the facts.
This Court is created by the Constitution, and has no powers not therein stated. If "inherent right" is invoked, it cannot go beyond that possessed by the courts at common law.
No Error.