A. A. SHUFORD, JR., v. F. P. COOK.

(Filed 26 November, 1913.)

1. Pleadings—Answer—Admissions—Prior Demand—Waiver—Principal and Surety.

    Where the plaintiff brings suit for contribution against a co-surety on a note, alleging his liability as such, and that he had failed or refused reimbursement to the extent of his liability to the plaintiff, who had paid the same, and the defendant answers, denying liability, and there is no averment that demand had been previously made on the defendant, the right to a demand is waived by the answer, and the statement of the cause of action being only defective, is cured.

2. Principal and Surety—Cosureties—Equity—Contribution—Insolvency of Principal—Actions—Interpretation of Statutes.

    Where it appears that the principal on a note has secured his discharge in bankruptcy from his obligations, including a note

paid at maturity by one of two sureties thereon, and that a few
months thereafter the surety who paid the note brought his
action for contribution against his cosurety, who has paid noth-
ing, the right of action given by Revisal, sec. 2844, will not,
without more, be denied upon the ground that it requires the
insolvency of the principal, in such cases, to be shown at the
institution of the action.

3. **Principal and Surety — Cosureties—Primary Liability—Trials—
Evidence.**

Evidence that one signing a note with another did so only as
"supplemental surety," with primary liability resting upon his
cosurety, is not sufficient which only tends to show that the
cosurety represented that the principal was thoroughly solvent,
and there was no danger, and thereupon he indorsed the note as
surety with the other one.

APPEAL by defendant from *Cline, J.,* at June Term, 1913, of
BURKE.

Civil action to recover the pro rata alleged to be due from
defendant as cosurety on a note for $2,400, executed to First
National Bank of Hickory, dated 5 June, 1909, payable sixty
days after date, by one J. E. Wheeler as principal, and plaintiff
and defendant as sureties.

There was evidence on part of plaintiff tending to show the
execution of the note; that at maturity of same the bank de-
manded payment, and plaintiff, having paid the entire amount
due, instituted the present action for contribution; that plain-
tiff has received nothing on said payment from defendant or
otherwise. The evidence further tended to show that, at the
time of maturity of the note and the payment of same and at
the institution of suit, the said J. E. Wheeler, principal, was
resident in Knoxville, Tenn.; that he was insolvent and had
been duly adjudged bankrupt by the United States District
Court for Northern Division of the Eastern District of Ten-
nessee, and had received his discharge in bankruptcy.

The defendant denied any and all liability on said note, and
alleged, further, that no demand had been made upon him for
contribution before bringing suit.

The following issues were submitted and responded to by the
jury:

1. Was J. E. Wheeler a nonresident of this State at the time plaintiff alleges that he paid off the note of $2,400 to the bank? Answer: Yes.

2. Was the said J. E. Wheeler insolvent at the time plaintiff alleges he paid the amount of said debt to said bank? Answer: Yes.

3. In what amount, if any, is defendant indebted to the plaintiff? Answer: $1,200, with interest from 8 September, 1909.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*W. A. Self and Bagby & Blackwelder for plaintiff.*
*Avery & Ervin for defendant.*

HOKE, J. It was chiefly urged for defendant that no demand upon him was alleged in the complaint before bringing suit, and therefore no cause of action was stated. The complaint alleges: "That defendant did not pay and has not paid, directly or indirectly, any part of said obligation, and has failed and refused to reimburse plaintiff in any measure for the sum so paid by plaintiff, and refuses to make contribution as the demands of justice and equity require." And this might well be interpreted as sufficient allegation of demand to permit evidence that same was made before suit brought; but, however that may be, it is uniformly held, in cases of this character, that the right to a demand or notice will be considered as waived when all liability is denied in the answer. It is only a defective statement of a good cause of action, and the defect is cured by such denial. *Woolen Co. v. McKimmon,* 114 N. C., 661; *Bufkins v. Eason,* 112 N. C., 162; *Felton v. Hales,* 67 N. C., 107.

It was further objected that our statute, Revisal, sec. 2844, giving a right of action to a surety who has paid the debt against a cosurety when the principal is insolvent or out of the State, by correct interpretation refers to the time when the action is instituted by the surety, and not to the time of payment. This construction has been given the statute in *Leak v. Covington,* 99 N. C., 559; but, in the present case, the note was paid at maturity, 5 August, 1909. The action was instituted on 11 Sep-

tember following. There is no evidence or suggestion that there had been any change, meantime, in the pecuniary condition of the principal; in fact, the discharge in bankruptcy issued to the principal as to any and all debts existent on 7 September, 1909, would seem to be conclusive on this question, and, under the pleadings and all the facts in evidence, we are clearly of opinion that the issues are sufficiently determinative to justify and uphold the judgment.

It was further insisted that there was evidence on part of defendant tending to show that the defendant was not in fact a cosurety with plaintiff, but only a "supplemental surety," and that, as between the two, the plaintiff was under the primary liability. The position and the testimony tending to support it is sufficiently indicated from this excerpt from the examination of defendant as a witness in the cause:

"I was in Hickory when I indorsed the $2,400 note of Wheeler with Shuford. Mr. Shuford had the note when I first saw it. It had already been indorsed by Mr. Shuford when he handed it to me and asked me to indorse it. . . . He said Mr. Wheeler is all right; that he was not uneasy about him; that as I had indorsed the first notes, he wanted me to go on with him. I agreed to indorse it with Mr. Shuford, and did."

Q. "What was the inducement for your indorsement of this first note?" (Defendant proposed to show that his inducement to indorse the note was the request of the plaintiff and his assurance that there was no danger in it; that Wheeler was perfectly all right.)

Plaintiff objects. Sustained. Defendant excepts, and this is defendant's sixth exception.

And further: "I will state again that Shuford came to my house and said Wheeler had written to him and asked him to indorse it, and asked me to indorse it with him. I told him I had been on it by myself for a while, and now he could go on by himself. Shuford said there was no danger in it; that Wheeler is perfectly all right; there is no danger. I told him all right, and I indorsed it. That is about all that was said in the conversation between me and Mr. Shuford."

Under authoritative decisions, here and elsewhere, there is nothing in this evidence, either that admitted or proposed, which tends to establish a primary liability on the part of plaintiff nor which makes or tends to make any change in the position of these parties as ordinary cosureties on the note. *Atwater v. Farthing,* 118 N. C., 388; *Daniel v. McRea,* 9 N. C., 590; *Claffel v. John,* 45 Col., 45.

A perusal of the entire evidence bearing on this transaction will disclose that the defendant was the original indorser for Wheeler in this indebtedness, and later the plaintiff came to share it with him, and thereby relieved him of a part at least of his obligation. There is nothing in the record to excuse or which tends to excuse defendant from contributing his just share of the joint liability, and the judgment on the verdict is therefore affirmed.

No error.