### STATE v. GEORGE KEATON.

(Filed 10 January, 1934.)

**Criminal Law G i—Nonexpert witness may testify from observation as to sanity of defendant.**

> Where in a criminal prosecution the defendant sets up the defense of insanity, the exclusion of testimony of a nonexpert witness, based upon observation of defendant, that defendant was insane at the time of the commission of the crime, is reversible error.

APPEAL by prisoner from *Sink, J.,* at February Term, 1933, of FORSYTH.

Criminal prosecution tried upon indictment charging the prisoner with the murder of one Annie Thigpen.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*William Graves and Manly, Hendren & Womble for defendant.*

STACY, C. J. There is evidence on behalf of the State tending to show that on 19 January, 1933, the prisoner, George Keaton, shot and killed Annie Lee Thigpen under circumstances indicative of a mind fatally bent on mischief and a heart devoid of social duties. The deceased, a girl eighteen years of age, to whom the prisoner was evidently paying court, was on her way home from school when the prisoner, without apparent cause or provocation, shot her three times because "she had made his life miserable," he said, and as she pleaded: "Please don't shoot me."

The homicide is not denied. The defense interposed on behalf of the prisoner was that of insanity resulting from syphilis in the third or tertiary stage, which "affects every organ in the body, including the brain," according to one of the physicians. It is further in evidence that syphilis is a common cause of insanity.

The prisoner offered Clarence Gilliam as a witness, who testified that he had known the accused for practically two years, having roomed with him, and that he had an opinion, based upon his knowledge and observation of the prisoner, as to whether he was sane or insane on the day of the homicide. Upon objection, the witness was not allowed to state his opinion, which is "that the prisoner was insane." Exception.

We think this proffered testimony was competent, and its exclusion hurtful. *S. v. Jones,* 203 N. C., 374, 166 S. E., 163. Any witness who has had opportunity of knowing and observing the character of a person, whose sanity or mental capacity is assailed or brought in question, may not only depose to the facts he knows, but may also give in evidence his opinion or belief as to the sanity or insanity of the person under review, founded upon such knowledge and observation, and it is for the jurors to ascribe to his testimony that weight and credibility which the intelligence of the witness, his means of knowledge and observation, and all the circumstances attending his testimony, may in their judgment deserve. *Clary v. Clary,* 24 N. C., 78.

Anyone who has observed another, or conversed with him, or had dealings with him, and a reasonable opportunity, based thereon, of forming an opinion, satisfactory to himself, as to the mental condition of such person, is permitted to give his opinion in evidence upon the issue of mental capacity, although the witness be not a psychiatrist or expert in mental disorders. *White v. Hines,* 182 N. C., 275, 109 S. E., 31. "One not an expert may give an opinion, founded upon observation, that a certain person is sane or insane." *Whitaker v. Hamilton,* 126 N. C., 465, 35 S. E., 815.

Upon the record, the prisoner is entitled to a new trial. It is so ordered.

New trial.