RAYMOND HARRIS ET AL. v. JENSIE AYCOCK ET AL.

(Filed 9 October, 1935.)

1. **Executors and Administrators F f—Heirs at law held entitled to maintain action without showing executor's refusal under facts of this case.**

   Insured attempted to change the beneficiary in policies of life insurance to his sister. After his death, his heirs at law instituted this action to set aside the purported change of beneficiary, and it appeared that plaintiffs had previously challenged the right of insured's executor to act in

the premises by filing a caveat, and that the executor was joined as a defendant in the action, and that he denied the allegations of the complaint and supported the contentions of his codefendant. *Held:* Failure of plaintiffs to show a demand on the executor to bring the action and his refusal to do so is not sufficient cause for dismissing the action as in case of nonsuit, it clearly appearing that the executor was in opposition to plaintiffs, and the law not requiring the doing of a vain or useless thing.

**2. Evidence K b—**

A nonexpert witness who has had opportunity of knowing and observing a person may testify from his own personal observation as to his opinion of the sanity or insanity of such person.

**3. Appeal and Error L b—**

Where judgment of nonsuit against plaintiffs is reversed on appeal, subsequent proceedings in the trial court after the entering of the judgment as of nonsuit which adversely affected the interests of plaintiffs, are vacated.

APPEAL by plaintiffs from *Small, J.,* at April Term, 1935, of WAYNE.

Civil action to recover for the estate of Cicero Harris, deceased, the proceeds of two life insurance policies.

The facts are these:

1. The plaintiffs are children of Cicero Harris, deceased.

2. On 17 July, 1922, two life insurance policies were taken out by plaintiffs' father, both made payable to his estate.

3. In 1925, as permitted by the terms of the policies, the beneficiary in the policies was changed to Cora Harris, wife of the insured and mother of plaintiffs.

4. Cora Harris died in 1926.

5. Prior to his death, and between the years 1926 and 1931, Cicero Harris again changed, or attempted to change, the beneficiary in each of his life insurance policies to his sister, Jensie Aycock.

6. Cicero Harris died in 1933, leaving a last will and testament in which he appointed his brother-in-law, Luby Aycock, executor of his estate.

7. Plaintiffs filed a caveat to the will of Cicero Harris in July, 1933. Thereafter, this action was instituted to annul the last change of beneficiary in the life insurance policies on the grounds of undue influence and mental incapacity at the time of said purported change.

The plaintiffs offered two witnesses, W. W. Spivey and Florence Harris, brother-in-law and daughter of the deceased, who, after proper predicate, would have testified, if permitted to do so, that in their opinions Cicero Harris was not mentally competent to execute the last change of beneficiary in his insurance policies. On objection, this evidence was excluded. Exception.

At the close of plaintiffs' evidence, motion for judgment as of non-suit was allowed. Thereafter, the court proceeded to try title to the insurance funds (which had been paid into the clerk's office by consent), and the plaintiffs were not allowed to cross-examine witnesses or to take part in the subsequent proceedings. Exceptions.

From the judgment of nonsuit and from the judgment declaring Jensie Aycock entitled to the insurance funds, the plaintiffs appeal, assigning errors.

*J. Faison Thomson, W. A. Dees, and Needham W. Outlaw for plaintiffs.*

*Scott B. Berkeley and Kenneth C. Royal for defendants.*

STACY, C. J., after stating the case: Plaintiffs were nonsuited and barred from participation in the proceedings ostensibly upon the ground that no showing of demand upon the executor to bring the action and refusal on his part had been made at the time the evidence of mental incapacity was offered. Plaintiffs had, however, previously challenged the right of the executor to act in the premises by filing caveat to the will, and it appears that the executor has joined with his wife and codefendant in the present action in supporting her claim and denying the allegations of the complaint. The executor is clearly in opposition to the plaintiffs. This was sufficient under the principle that the law will not require a vain or useless thing to be done. *Shuford v. Cook,* 164 N. C., 46, 80 S. E., 61; *McGuire v. Williams,* 123 N. C., 349, 31 S. E., 627; *Woolen Co. v. McKinnon,* 114 N. C., 661, 19 S. E., 761; *Nixon v. Long,* 33 N. C., 428.

The matters pleaded in defense, upon proper showing, may be amply sufficient to defeat the plaintiffs' claim. This, however, would not seem to justify the exclusion of their evidence or the judgment of nonsuit. The competency of the evidence is not seriously questioned. It is well established that anyone who has observed another, or conversed with him, or had dealings with him, and a reasonable opportunity, based thereon, of forming an opinion, satisfactory to himself, as to the mental condition of such person, is permitted to give his opinion in evidence upon the issue of mental capacity, although the witness be not a psychiatrist or expert in mental disorders. *S. v. Keaton,* 205 N. C., 607, 172 S. E., 179; *White v. Hines,* 182 N. C., 275, 109 S. E., 31. "One not an expert may give an opinion, founded upon observation, that a certain person is sane or insane." *Whitaker v. Hamilton,* 126 N. C., 465, 35 S. E., 815.

Any witness who has had opportunity of knowing and observing the character of a person, whose sanity or mental capacity is assailed or

brought in question, may not only depose to the facts he knows, but may also give in evidence his opinion or belief as to the sanity or insanity of the person under review, founded upon such knowledge and observation, and it is for the jurors to ascribe to his testimony that weight and credibility which the intelligence of the witness, his means of knowledge and observation, and all the circumstances attending his testimony, may in their judgment deserve. *Clary v. Clary,* 24 N. C., 78.

After sustaining the demurrer to the evidence, Jensie Aycock was permitted to proceed to try her claim of title to the insurance funds, and the plaintiffs were barred from further participation in the proceedings. At this, counsel for plaintiffs complain, because, they say, they were thereby involuntarily required to play a rôle somewhat similar to that of Abner Dean in Bret Harte's "The Society Upon the Stanislaus":

"Then Abner Dean of Angel's raised a point of order—when
A chunk of old red sandstone took him in the abdomen,
And he smiled a kind of sickly smile, and curled up on the floor,
And the subsequent proceedings interested him no more."

If counsel were thus embarrassed, as they doubtless facetiously suggest, it is enough to say a reversal of the judgment of nonsuit *ex necessitate* vacates all that transpired thereafter which adversely affected their interests. *Hargett v. Lee,* 206 N. C., 536, 174 S. E., 498. This gives them another opportunity to be heard.

Reversed.