STATE v. DAVID WITHERSPOON.

(Filed 4 November, 1936.)

**1. Criminal Law G r—**

Where the State relies upon the testimony of the prosecuting witness as to the identity of accused as the perpetrator of the crime charged, it is competent for defendant to impeach the credibility of the prosecutrix by evidence tending to show that she is mentally deficient or abnormal.

**2. Criminal Law G i—**

A nonexpert may testify from his knowledge and observation of the person in question as to such person's mental condition, including strength of memory, the weight and credibility to be given such testimony being for the jury to determine from the witness' intelligence and his means of knowledge and observation of the person in question.

**3. Criminal Law I i—**

The competency of a witness is a matter for the court, but the credibility of the witness is for the jury, so that a witness having sufficient mental capacity to be a competent witness may be impeached by a showing of mental deficiency as bearing upon the credibility of the witness.

APPEAL by defendant from *Warlick, J.,* at February Term, 1936, of CALDWELL.

Criminal prosecution, tried upon indictment charging the defendant with rape.

The record discloses that on Monday night, 10 February, 1936, the prosecuting witness, a young white woman, was assaulted and ravished by a colored man, or Negro, near the East Harper Avenue school building in the town of Lenoir.

On the following day, Tuesday, about 1:30 p.m., the defendant and another Negro boy by the name of Marshall Hood, were carried to the home of the prosecutrix for identification: "She said she did not believe either one of them was the one," so testifies the officer, "and as we turned to go, this darky here (defendant) thanked her."

The defendant was then released, but rearrested later that afternoon and carried before the prosecutrix again the next morning. She testifies: "When I got to see him the next morning, I said the minute I saw him 'that is him,' without stopping to wait and see. . . . After the officers left with him, I decided Witherspoon was the one that assaulted me. . . . I am sure now that Witherspoon is the man that assaulted me."

The prosecution offered to show by the constable or officer, admittedly not an expert, but who knew the prosecutrix "pretty well," that in his

opinion she was "mentally abnormal" or "not a normal girl mentally." Objection; sustained; exception.

Verdict: Guilty.

Judgment: Death by asphyxiation.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Thomas L. Dysard and Hal B. Adams for defendant.*

STACY, C. J. In a prosecution for rape, where the question of identity is the principal issue involved, is it competent to impeach the credibility of the prosecuting witness by showing that she is mentally deficient or abnormal? The answer is, Yes. *S. v. Ketchey,* 70 N. C., 624; *S. v. Vernon,* 208 N. C., 340, 180 S. E., 590; 70 C. J., 763; 28 R. C. L., 617; Note, 82 A. S. R., 25. Compare *S. v. Jenkins,* 208 N. C., 740, 182 S. E., 324.

The principle is fully illustrated in the case of *S. v. Rollins,* 113 N. C., 722, 18 S. E., 394, where it was said: "The third exception is well taken. John Jones, on behalf of the State, had testified as an eye-witness to the homicide, and had stated that he was not drunk when it occurred. Had this been pertinent only to impeach his character, his answer would have been conclusive. *S. v. Roberts,* 81 N. C., 605. But it went rather to his capacity to know and remember with accuracy what took place. It was error, therefore, to exclude proof offered to show that he was 'very drunk on that occasion.' It would have served to contradict him and to impair the credit to be given to his evidence, and would have been somewhat corroborative of the prisoner's theory of self-defense. When a witness had testified as an eye-witness to a transaction, it would be competent to show that during the occurrence he was asleep or insensible, and, of course, also that he was very drunk."

Again, in *Isler v. Dewey,* 75 N. C., 466, a witness by the name of Samuel Smith was introduced, and testified on behalf of the plaintiff. The defendant then called a witness, who, over objection, was allowed to testify that "the memory of the witness Smith was below medium." This evidence was held to be competent, the Court saying: "Ever since *Clary v. Clary,* 24 N. C., 78, it has been considered that all persons, and not experts alone, can give their opinion as to the mental capacity of the maker of a will or deed, and on the same reasoning they may do so as to a person who has been introduced as a witness in the cause on the trial. *Bailey v. Pool,* 35 N. C., 404. A person entirely without memory is incompetent as a witness, and if his memory is weak naturally or has been impaired by disease or age his testimony will naturally have less

weight with a jury than if his memory were sound and unimpaired. To prove of a witness that his memory is weak is a legitimate way of impeaching his testimony, and the opinions of those who know him may be resorted to for that purpose."

We were told on the argument the court's ruling was based upon the belief that a nonexpert could not testify to the poor memory of a witness. The law is otherwise. *Harris v. Aycock,* 208 N. C., 523, 181 S. E., 554. It is well settled that anyone who has observed another, or conversed with him, or had dealings with him, and a reasonable opportunity, based thereon, of forming an opinion, satisfactory to himself, as to the mental condition of such person, is permitted to give his opinion in evidence upon the issue of mental capacity, although the witness be not a psychiatrist or expert in mental disorders. *S. v. Keaton,* 205 N. C., 607, 172 S. E., 179; *White v. Hines,* 182 N. C., 275, 109 S. E., 31; *S. v. Turner,* 143 N. C., 641, 57 S. E., 158; *Whitaker v. Hamilton,* 126 N. C., 465, 35 S. E., 815.

Any witness who has had opportunity of knowing and observing the character of a person, whose memory or mental capacity is assailed or brought in question, may not only depose to the facts he knows, but may also give in evidence his opinion or belief as to the strength of mind of the person under review, founded upon such knowledge and observation, and it is for the jurors to ascribe to his testimony that weight and credibility which the intelligence of the witness, his means of knowledge and observation, and all the circumstances attending his testimony, may in their judgment deserve. *Clary v. Clary,* 24 N. C., 78.

It is conceded that the prosecuting witness is competent to give evidence in the case. *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466; *Lanier v. Bryan,* 184 N. C., 235, 114 S. E., 6. It is not her competency, but her credibility, that is assailed. *S. v. Exum,* 138 N. C., 599, 50 S. E., 283. The two are not the same thing. A person may be a competent witness and yet not a credible one. Competency is a question for the court; credibility a matter for the jury. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

There are other exceptions appearing on the record worthy of consideration, but as they are not likely to occur on another hearing, we shall not consider them now. The prisoner is entitled to the benefit of the evidence erroneously excluded.

New trial.