Nash, J.
 

 Several exceptions were taken in the Court below, to the plaintiffs right to recover in their action, which have been argued before us. We shall consider them in the order in which they are stated in the Bill of exceptions.
 

 The first is, that the action cannot be sustained in the name of the County of Moore, but that it ought to have been brought in the name of the Chairman of the County Court, according to the provisions of a private act passed in 1835, respecting the County of Moore.
 

 It is admitted, that under the general law, the action is properly brought, but it is contended, that under the private act of 1835, the action can only be "brought to the use of the chairman of the County Court.
 
 As
 
 early as 1777. Rev. Stat. Ch. 29 sec. 1, the several County Courts with* in the State were empowered to appoint a County trustee, and among his duties was that of collecting all monies due their respective Counties. This is still the law in most of the Counties. In some, and Moore is among them, the law was altered, and a different system adopted, By the private act of 1835 it is provided, that the office of County trustee shall be abolished in the County of Moore, pn,d the sheriff shall purform all his duties, “as are now prescribed by law,” “and in all cases where suits are by
 
 *310
 
 law directed to be brought in the
 
 name
 
 of the County trustee, such suits shall be brought in the name of the Chairman of the County Court.” It is important to the decision of this exception, to ascertain in that
 
 manner
 
 the County trustee, at that time, was required to sue those who were indebted to the County. By the 3rd sec. of the act of 1777 the County trustee is required “to sue for, recover, and collect” from all persons all money, due his County, but no direction is given as to the person, in whose name it shall be brought. Nor is there any other public act, that we are apprised of, prescribing the form. At the time, then, the private act of ’35 was passed, no law existed directing the trustee, in so many words, to sue in bis own name for money due the County. In 1831, the Legislature passed an act, Ch. 31 sec 83, see Rev. Stat. Ch. 28, sec. 30, directing all suits to recover money due the County, to be brought in the
 
 name of the State to the use of the County.
 
 This was the law when the act of 1836 was passed. This latter act abolishing the office of County trustees was not repealed by the general Law of 1836 re-enacting that of’31, as there is an express provision in the 8th Sec. of the 1st Ch. of the Rev. Statutes that no private or local act shall be repealed by the
 
 2
 
 sec. of the same chapter. That act is in full force but does not affect the question here. The framers of the private act of 1S35 were mistaken in supposing there was at that time any law directing the trustee to sue in his own name.
 

 The second exception is, that at the time the bond was given, upon which this action was brought, and when the defendant was appointed sheriff, for the period embraced in it, he was a defaulter; and by the law of the State the Court was prohibited from taking the bond, and it was, therefore, void.
 

 We do not feel the force of this exception. It is true, ■the Court is by the act of ’36, Rev. Stat. Ch. 109, sec. 7,
 
 *311
 
 required not to permit a person, who has been a former sheriff, to give the bonds required by law, or re-enter upon the duties of the office, until he has produced before them, a recept in full from every officer, to whom it is his duty to pay the public taxes. But the act is merely directory and no where declares, that, if such a bond is given, it shall be void. The consequences would be too serious both to the public and to private individuals. The officer in this case was admitted into the office and became the sheriff
 
 de facto
 
 and ought not to be permitted to take advantage of his own wrong. It is sufficient however, to say, the law has not declared a bond, given by the sheriff under such circumstances, void.
 

 The third objection is, that no tax list, certified by the Clerk of the County Court, or properly authenticated by him for the taxes of 1835, had been placed in the hands of the sheriff; and he, therefore, had no power to collect the taxes, nor were he or his sureties bound for them.
 

 It is true the tax list, properly certified, is to the sheriff his warrant to collect the taxes, without which he cannot compel their payment.
 
 State
 
 v.
 
 Woodside, 8
 
 Ired. 104. But he may receive the tax due from any citizen, for the latter majr, by application at the clerk’s office, ascertain, what he does owe, and if the sheriff does receive it, he does so officially, and both he and his sureties are liable for it on their bond. In this case the declaration contains two counts, one for not collecting, and the other for collecting and not accounting, and the case states he did collect some. It is immaterial on which count the verdict was given. It was as much his duty to collect as to pay over the taxes to the proper officer, and to enable him to do this, it was his official duty to qualifiy himself by applying at the clerk’s office for a list of the taxes properly certified ; and there is no evidence he made such application.
 

 The fourth exception was for want of a demand before
 
 *312
 
 the action was brought. The money, here collected, was public money, and for it no demand was necessary. It is a part of the official duty of the sheriff to pay over to the officer, authorised to receive it, all public money collected by him, at the times required by law. With the same propriety it might be held to be the duty of the public Treasurer to demand from the several sheriffs the public taxes collected by them.
 

 Pee CuRiam. Judgment reversed and judgment for the plaintiff on the verdict.