COMMISSIONERS OF WAKE COUNTY v. A. MAGNIN and others.

*County   Commissioners—Parties—Demand—Official   Bonds—*
*School   Fund.*

1. The commissioners of a county are proper parties relator to sue upon the official bond of a county treasurer to recover county school fund—approving case between same parties, 78 N. C., 181; and no demand is necessary before suit brought, where the officer collects and retains the money or fails to pay it over to his successor.

2. The bond of a county treasurer, conditioned, " that whereas he has been appointed treasurer and become disburser of the school money, now therefore if he shall well and truly disburse the money coming into his hands, under the requirements of law," &c., covers an alleged defalcation from the school fund.

3. The act in reference to official bonds (Bat. Rev., ch. 80,) does not operate to add provisions, which are not, but should have been incorporated in the condition, but simply cures certain irregularities which might otherwise affect the validity of the instrument as an official undertaking.

(*State* v. *McIntosh*, 9 Ired., 307 ; *State* v. *Woodside*, *Ib.*, 496 ; *Little* v. *Richardson*, 6 Jones, 305 ; *State* v. *Pool*, 5 Ired., 105 ; *State* v. *McMinn*, 7 Ired , 344 ; *State* v. *Jones*, *Ib.*, 359, cited and approved.)

CIVIL ACTION tried at Fall term, 1881, of WAKE Superior Court, before *Gilmer, J.*

The action was brought in the name of the state on the relation of the board of commissioners of Wake county, upon the official bond of the defendant as county treasurer. The defendant, Bunting, demurred to the complaint, and from the judgment of the court sustaining it, the plaintiffs appealed.

*Messrs. George H. Snow* and *T. R. Purnell,* for plaintiffs.
*Messrs. E. G. Haywood, Hinsdale & Devereux, D. G. Fowle* and *Walter Clark,* for defendants.

SMITH, C. J.    The defendant, Magnin, on his appointment to fill a vacancy in the office of county treasurer in September, 1873, as principal, and the other defendants, as sureties, executed the bond set out in the complaint and containing this condition : " The condition of the above obligation is such, that whereas, the above bounded, Albert Magnin, has been duly appointed treasurer of Wake county and become disburser of the school money ; now, therefore, if the said Albert Magnin shall well and truly disburse the money coming into his hands under the requirements of law, then in that case, the above obligation to be void, otherwise to remain in full force and effect."

When his term expired on the first Monday in September of the year following, the said Magnin had, or ought to have had, of the moneys received by virtue of his office for county

school purposes, an unexpended balance of $2,648.38, as appears upon his own sworn return annexed as an exhibit to the complaint, for which sum, reduced by about $34, the present suit is prosecuted by the board of county commis-sioners. To the complaint making these allegations, the defendant, Bunting, alone demurs, the record being silent as to the others, assigning several causes of demurrer, the substance of which is embodied in the following:

1. For that the relators are not proper parties, and the action can only be maintained by, and on the relation of the successor in office to whom the fund is due.

2. For that no sufficient demand was made before bring-ing the action; and

3. For that the default set out is not covered and pro-tected in the condition of the bond.

His Honor sustained the demurrer and adjudged that the defendant, Bunting, go without day and recover his costs. From this ruling the relators appeal.

I. The objection, based upon the form of the action, we consider settled and disposed of in the former action between the same parties, (78 N. C., 181,) and upon the construction of the different statutory provisions relating to the subject.

II. The second cause of demurrer assigned is equally un-tenable.

The cases cited in the argument of counsel for the appel-lants, *State* v. *McIntosh*, 9 Ired., 307, and *State* v. *Woodside*, Ib., 496, which were actions upon the sheriff's bond, and *Little* v. *Richardson*, 6 Jones, 305, which was upon the clerk's bond, decide the general proposition that a demand before suit is not necessary, when a public officer collects and re-tains money which he ought to pay over, and it embraces the case of a retiring officer who is required to deliver and pay over to his successor the funds and other effects in his hands.

But the objection, if it possesses any force, does not lie

against the complaint which does sufficiently aver a demand. It alleges the failure of Magnin to disburse and account for the sum due, " although *demand has been made upon him, the said Albert Magnin, by the plaintiff*," and that his failure consisted in not " well and truly accounting therefor or by paying over the said sum of $2,613 70 to his, the said Albert Magnin's successor in office." This is clearly a demand, and a demand that the moneys be paid, not to the state, nor to the relators, but to the *county treasurer, his successor in office.*

III. The remaining question raised by the demurrer, as to the sufficiency of the terms employed in the condition to cover the default set out in the complaint, is not free from difficulty, and we reach its solution with some hesitancy.

The county treasurer becomes, *ex-officio,* " treasurer of the county board of education." Bat. Rev., ch. 68, § 32.

The county treasurer of each county shall receive and disburse all public school funds. But before entering upon the duties of his office he shall execute a bond with sufficient security in double the amount of money which may come into his possession during any year of his official term for the faithful performance of his duties, as treasurer of the county board of education. § 34.

All orders upon the county treasurer for school money * * * shall be signed by the school committee of the township, * * * which orders, duly endorsed by the persons to whom the same are payable, shall be the only valid vouchers in the hands of county treasurers, for disbursements of school money. § 35.

These are the principal special provisions relating to the functions and duties appertaining to the office of treasurer of the county board of education, as separate from that of county treasurer, with which it is blended.

*The disbursements* mentioned in the section last referred to, and of which the orders taken up are declared to be the only valid vouchers for moneys paid out, have reference to

the administration of the fund, and contemplates a settlement of the treasurer's account.   In this restricted sense the word is there used, and this is its ordinary meaning.   In the section next preceding, when his duty is declared to be to "*receive and disburse*" the fund, the term seems to have a wider scope, and as he is to be *charged* with whatever moneys he may " *receive*," so is he to be *discharged* and *exonerated* to the extent he may *disburse* or rightfully pay out to those who may be entitled to receive; and it is not an unreasonable interpretation of the language to extend the obligation it imposes, to a delivery or payment to the successor of any residue, not expended in taking up the orders.   The only obligation imposed in express words is, to " *disburse all public school funds*," and if this includes the official duty of a final settlement with the successor, the similar language employed in the condition of the bond, must have an equally comprehensive import and be construed to cover the alleged defalcation.

We do not ascribe to the act of March 28th, 1870, Bat. Rev., ch. 80, (which is but a re-enactment of the act of 1842, with the modification necessary to adapt it to the new system of municipal government,) the effect of introducing into an official bond provisions which are not, but ought to have been inserted in the condition, so as to extend the liabilities of the obligors; but the purpose is to cure certain defects and irregularities in conferring the office and accepting the instrument, and to maintain its validity as an *official undertaking, as far as it goes,* notwithstanding the penalty or condition may vary from those prescribed by law.   *State* v. *Pool,* 5 Ired., 105 ; *State* v. *McMinn,* 7 Ired., 344; *State* v. *Jones,* Ib., 359 ; Bat. Rev., ch. 80, § 16.

In the interpretation of every written instrument, we must ascertain from the words employed the common understanding and intent of the parties to it, and a literal and strict meaning should not be put upon it repugnant to that

intent. The safe keeping, disbursement, and delivery over of the funds are the official duties enjoined, and it is no constrained construction of the defendants' undertaking that their principal "shall well and truly disburse the money coming into his hands under the requirements of law," that it should extend to the entire fund, and his legal disposition of it in full discharge of himself and his sureties. This was manifestly the purpose of the bond and the common understanding of its import when entered into.

It is to be regretted that there should be such negligence and inattention in those who are required to take public securities, as the present case discloses, endangering alike their own and the public interest, and leading often to protracted and expensive litigation.

But for the reasons stated we uphold the sufficiency of the condition of the present bond as a protection against the official delinquency assigned as the cause of action. The judgment sustaining the demurrer must be reversed and the demurrer overruled.

Let this be certified.

Error.                                        Reversed.