STATE OF NORTH CAROLINA ex rel. THE COUNTY BOARD OF EDUCATION OF CHOWAN v. A. J. BATEMAN and others.

## County Officers—Official Bonds.

When a law is passed imposing a duty of receiving and disbursing a new fund on certain county officers, and no provision is made in the statute for an additional bond to cover the new duty, any bond given by the officer after the law is in force, though in terms providing only for the securing the faithful discharge of official duty and accounting for money received by virtue of his office, will be held to be a security for the performance of the new duty; but when such law in terms requires an additional bond for the performance of the new duty, a bond theretofore required of the officer and conditioned for the faithful discharge of the duties of his office, will not embrace the new duty for which the additional bond was required ;

Therefore, when a County Treasurer at the same time filed two official bonds, with same conditions, but in different penal sums and with different sureties, the conditions being that he "shall well and truly account for all moneys that may come into his hands by virtue of his office, and shall faithfully perform all things pertaining to his office required of him by the laws of North Carolina, or any other authority by virtue of said laws," otherwise, &c.: *Held*, that neither of said bonds covered the duties imposed upon the County Treasurer by §2554 of *The Code*, requiring him to receive and disburse all public school funds, and to execute a "justified Treasurer's bond," &c., "conditioned for the faithful performance of his duties as Treasurer of the County Board of Education," &c., "for any breach of which said bond, action shall be brought by the County Board of Education."

This was a CIVIL ACTION, heard at the Fall Term, 1887, of the Superior Court of CHOWAN County, before *Graves, J.*

The material portions of the complaint are as follows :

" 1. That on the __ day of November, 1884, the defendant, A. J. Bateman, was duly elected Treasurer of Chowan County, and shortly thereafter qualified according to law as treasurer aforesaid, and at the same time, as treasurer, executed two

bonds, payable to the State of North Carolina, one in the sum of six thousand seven hundred and fifty dollars, and the other in the sum of seven thousand five hundred dollars, each of which to be void upon condition that the said A. J. Bateman ' shall well and truly account for all moneys that may come into his hands by virtue of his office, and shall faithfully perform all things pertaining to his office required of him by the laws of North Carolina, or any other authority by virtue of said laws,' otherwise to remain in full force and virtue.

" 2. That W. J. Webb, T. G. Skinner, Harry Skinner, James Parker and J. J. Farmer signed the first of said bonds as sureties, and the other defendants, Wozelka, Elliott and White, signed the second as sureties.

" 3. That by virtue of his office as Treasurer the said Bateman received from the Sheriff of said county, and from other sources for and on account of the school fund of the said county, a large sum of money, and has utterly failed to account for and pay over according to law, of the amount so collected and received, the sum of one hundred and seventy and sixty-four one-hundredths dollars."

The defendants demurred as follows:

" The defendants demur to the complaint in this action, because it does not state facts sufficient to constitute a cause of action against them, for the following reasons:

" 1. This action is brought to recover an alleged balance due on the school fund by said Bateman as Treasurer of the County Board of Education, and it is not alleged in complaint that Bateman ever qualified as Treasurer of said Board, or that these defendants ever executed any bond to cover a discharge of his duties as Treasurer of said County Board of Education.

" 2. That the conditions of said bonds set out in complaint show they were executed to cover only the duties of Bateman as general County Treasurer, and were not executed to cover

any duties of Bateman as Treasurer of the said Board of Education, and no breach of his duty as general County Treasurer is assigned in the complaint.

"3. For that it appears from said bonds that they were cumulative bonds to secure a safe handling of the general county fund, and no failure to pay over any part thereof is alleged. Wherefore, they pray," &c.

The judgment was as follows:

"This cause coming on to be heard on complaint and demurrer filed and argued, upon motion of Pruden & Vann for the plaintiff, it is adjudged that the defendants' demurrer be and it is overruled, and that the defendants be allowed to answer.

"It is further adjudged that the plaintiff recover of the defendants the costs of this term, to be taxed by the Clerk."

The defendants appealed.

*Mr. W. D. Pruden,* for the plaintiff.
*Mr. W. M. Bond* (by brief), for the defendants.

AVERY, J. (after stating the case). By a series of adjudications, extending over more than fifty years, we think that the principles governing this case have been clearly settled.

When a law is enacted that imposes the duty of receiving and disbursing a new fund upon the sheriffs or treasurers or other officers of counties, and the statute fails to provide that an additional bond, conditioned for securing the faithful application of such fund, shall be required, any bond given by the officer after the law is in force, though in terms it may provide only for securing the faithful discharge of official duty and accounting for money received by virtue of his office, will be construed to embrace the new duty, and to constitute a security for its performance. *State* v. *Bradshaw,* 10 Ired., 229.

In that case, the facts were that the Sheriff of Rowan County and his sureties were sued on his official bond, executed in the year 1847, and conditioned that " he shall pay all money by him received, by virtue of any process, to the person or persons to whom the same shall be due, and in all other things will truly and faithfully execute the said office of Sheriff during his continuance therein." The defendants, his sureties, were held to be liable for a tax levied by the proper authorities of the town of Salisbury, because an act passed in the year 1827 required the Sheriff of Rowan County " to collect, pay over and account for the taxes imposed by the Commissioners of the Town of Salisbury, on citizens and property therein," &c., (but did not require a new bond), and the Sheriff had failed to account for tax collected for the town in 1847.

In the case of *Lindsay* v. *Dozier et al.*, Busbee's Law, 275, the Court held, in effect, that where an officer had given a bond for the faithful discharge of his duties, after the enactment of the law intrusting him with the collection and disbursement of an additional fund, such bond would be deemed a security for the performance of the new duty, *unless the statute imposing it in express terms required a separate bond* for the performance of that new duty. The act of 1844 required each county to levy a tax for the common school fund, and the Sheriff was directed to collect it "in the same manner that other county taxes are now levied for other county purposes," and in the same section it was provided that the bond given by the Sheriff to secure the county taxes " shall contain a condition for the faithful collection and payment of the school taxes to the person authorized to receive the same." The Sheriff, Dozier, filed a bond, conditioned only for the collection of all county taxes, and the action brought against him and his sureties on that bond for the school fund, collected by him and not accounted for, was sustained by the Court.

On the other hand, where a law charging an officer with a new duty, requires in express terms an additional bond for its faithful performance, or one embodying conditions different from those necessary in that already required, an official default in misapplying funds received by virtue of such statute is not held to be a breach of the bond conditioned for the faithful discharge of the duties of the office, even when it embraces the new duties only in general and not in specific terms. *Crumpler* v. *Governor*, 1 Dev., 52; *Governor* v. *Barr, ibid.*, 65, and *Governor* v. *Matlock*, 1 Dev., 214.

Chief Justice RUFFIN cited these cases in *State* v. *Bradshaw* as establishing the rule, " that the general words in the conclusion of the general bond of the Sheriff did not extend to the public and county taxes " As a reason for the rule, he says: " The construction was that those words were, upon the intention, not cumulative but special securities, for the revenue of each kind, inasmuch as if it were not so, the interests of the public and private persons would often come in conflict; and indeed the penalty of the bond would often be exhausted by the public leaving nothing, or but little, as a security to individuals." If we apply the principles stated in and deduced from the opinions referred to, there will be little trouble in reaching a conclusion as to the correctness of his Honor's ruling. We are of the opinion that the demurrer should have been sustained.

Two bonds were filed by the defendant Bateman on the same day, and containing precisely the same conditions, but different penal sums, and signed by different sureties. The conditions in both bonds were that the said A. J. Bateman " shall well and truly account for all moneys that may come into his hands by virtue of his office, and shall faithfully perform all things pertaining to his office required of him by the laws of North Carolina, or any other authority by virtue of said laws," otherwise to remain in full force and virtue.

*The Code* of North Carolina, vol. 1, ch. 19, § 766, provides that the County Treasurer shall give bond, "conditioned that he will *faithfully execute the duties of his office,* and pay, according to law and on warrant of the Chairman of the Board of Commissioners, all moneys which shall *come into his hands as treasurer,* and *render a true account thereof to the board,* when required by law or the Board of County Commissioners."

Section 2554 of *The Code* provides that "the County Treasurer of each county shall receive and disburse all public school·funds," and he is further required to execute a "justified treasurer's bond," &c., "conditioned for the *faithful performance of his duties as Treasurer of the County Board of Education,* and for the payment over to his successor of any balance of school money that may be in his hands unexpended, &c, * * * and for any breach of said bond action shall be brought by the County Board of Education."

It is almost needless to state that neither of the bonds declared on in this action purports to have been executed by Bateman and the other obligors to provide for the misapplication of the school fund, received by him in the capacity of Treasurer of the County Board of Education, and the condition of both are widely variant in form and substance from those prescribed in section 2554. Whether both are so drawn as to substantially meet the requirements of section 766, is a question that we are not called upon to decide now; but if they are sufficient in form to bind the obligors as to any default of Bateman, acting generally in the capacity of County Treasurer, we must, according to the authorities cited, hold that they are cumulative obligations, and that the sureties, who executed both, are liable only for some default of Bateman as relating to his office as County Treasurer proper, and not as Treasurer of the Board of Education.

Indeed, section 2554 requires that the bond mentioned in that section shall be executed before entering upon the duties of his office, and the Board of Education has the right, if necessary, to require the Treasurer to strengthen it on notice. The plaintiff might have critically examined the obligations filed by Bateman, and have refused to intrust him with the disbursement of school funds until the law had been complied with.

The case of *Commissioners* v. *Magnin,* 86 N. C., 285, sustains the view we have taken of this case. The County Treasurer was, by the law then in force (Bat. Rev., §§ 32, 34 and 35, ch. 68), made *ex-officio* County Treasurer, and as such required to give a bond conditioned for the faithful performance of his duty as Treasurer of the County Board of Education. The bond, for an alleged breach of which the action was brought. recited the fact that Magnin had "become disburser of the school money" by virtue of his appointment as County Treasurer, and the question discussed by the Chief Justice in that case was, whether the loosely drawn condition, "to well and truly disburse the money coming into his hands under the requirement of law" (referring to Magnin as "disburser of the school money"), could be construed to cover the alleged defalcation in the failure of Magnin to account for and pay over to his successor school funds received by virtue of his office, and the Court held that Magnin was liable. The discussion as to the form of that bond probably suggested the changes in the law as now embodied in section 2554.

For the reasons stated, the judgment is reversed, and the Court below will proceed in accordance with this opinion.

Error.