JAMES McGUIRE, Treasurer of Davie County, v. W. F. WILLIAMS, Sheriff, and W. A. BAILEY, B. R. BAILEY, C. G. BAILEY and W. R. ELLIS, Sureties.

(Decided November 29, 1898.)

*Sheriffs—Bondsmen—Tax Levy—Demand.*

1. Where a Sheriff's settlement of one tax fund is made partially by an amount deducted from another tax fund, the settlement exonerates him and his surety from liability on the bond for the taxes settled; he and his sureties on the bond for the taxes misappropriated, in an action for failure to settle the same, are liable for such defalcation.

2. The validity of a special railroad tax cannot be questioned, in an action on the Sheriff's bond for failure to account for it, especially when it has been collected. If the Statute, authorizing the tax, were unconstitutional, or otherwise invalid, the Sheriff could not be permitted to retain the money illegally collected under color of his office.

3. A demand is not necessary before suit by the County Treasurer on a Sheriff's bond, as the Sheriff is required by law to settle on or before a day certain.

CIVIL ACTION on the official bonds of the defendant Williams, Sheriff of DAVIE County, heard upon exceptions to report of referee by *McIver, J.*, at Fall Term, 1898, of DAVIE Superior Court.

The defendant, W. R. Ellis, was surety on the school

tax bond only. This tax had been settled in full, but had been so settled by application of funds collected and secured under the general tax bond.

He claimed exemption from all liability, as the bond he signed had been settled.

His Honor ruled otherwise, and defendant Ellis excepted.

The other sureties, the defendants Bailey, were on both the general tax bond and the school tax bond. The railroad tax alone remained unsettled. These sureties claimed exemption from liability on grounds embodied in their exceptions, which are fully stated in the opinion.

The exceptions were overruled, and they excepted. From the judgment rendered the defendants all appealed.

*Messrs. T. B. Bailey* and *Jones & Patterson*, for appellants.

*Mr. E. L. Gaither*, for plaintiff.

Douglas, J.: This is an action brought by the County Treasurer on the bonds of the Sheriff to recover the sum of $3515.75, balance of unpaid taxes, with the statutory penalty of 2 per cent. per month. Only two of the Sheriff's bonds are really involved, one for the collection and settlement of the school and poll tax, and the other for the general public taxes. The defendants, W. A. Bailey, B. R. Bailey and C. G. Bailey, are sureties on both bonds, while the defendant, W. R. Ellis, is surety only on the first. The case was referred to a referee, to whose report exceptions were filed by all parties; but those of the defendants Bailey and Ellis are

the only ones that need be considered.    The exceptions are as follows:

"W. F. Williams, W. A. Bailey, C. G. Bailey and B. R. Bailey file the following exceptions to the report of G. M. Bingham, Referee.

I. Because the levy of 22 cents on the $100.00 worth of property for special or railroad tax was illegal and void and without authority of law for reason that the Acts of the Legislature of 1879, Chapter 113, do not appear from the evidence to have been ratified by a vote of the people of said county as required by said Act and the Constitution of the State.

II. Because no Act of the Legislature authorizing said special tax or levy was ever submitted to or ratified by a vote of the people of Davie County.

III. Because Referee charged defendants with $3504.-12 merely because the levy was made: There being no evidence nor finding by the Referee that the Sheriff actually collected any part of the special tax fund sued for.

IV. If the Court should construe the Referee's report to mean that Sheriff did collect a part of the special tax, then defendants except because the Referee finding that at the time of the alleged settlements and payments of the Sheriff to the Treasurer, the Sheriff having mixed the funds collected, used $3097.42⅔ of the special and ordinary fund and paid the same on the school fund and these defendants, sureties on said special and ordinary tax bonds, claim that they are entitled to be exonerated to the amount of the special fund so used by the Sheriff in the payment of the school tax.

V. Because the Referee did not charge the sureties on the school bond with $3097.43⅔, the amount of special

or railroad and ordinary tax money used in the settling of school funds.

VI. Defendants further except to the report because the Referee ruled that the defendants, W. A. Bailey, C. G. Bailey and B. R. Bailey, were primarily liable for the whole amount of alleged default, to-wit for $3504.72.

VII. Because the Referee charged said W. A. Bailey, B. R. Bailey and C. G. Bailey with the sum of $1365.18, it being 2 per cent. per month interest as a penalty for the alleged default."

"The defendant, W. R. Ellis, excepts to the report of the Referee, for that:

I. The Referee having found as a fact that all taxes levied by the county during the term of defendant Williams' office were duly collected and properly disbursed, save and except for the year 1896 and that which was collected and not disbursed, was not of the school fund but the general tax fund. And having further found as a fact the defendant, W. R. Ellis, had signed, during the last term of defendant Williams' office, only one bond, dated December 3d, 1894, designated as Exhibit No. 8, and known as school tax bond. And having further found as a fact that the school tax levied for the year 1896 was $4,646.14 and that the defendant W. F. Williams had paid to plaintiff on school tax for year 1896 the sum of $4646.14 and that the defendant did not sign the general tax bond of the defendant W. F. Williams. It was error on the part of the Referee to hold as a matter of law that the defendant W. R. Ellis, was secondarily liable for any part of the defalcation.

That said Referee should have held from the facts found that the defendants, W. A. Bailey, B. R. Bailey and C. G. Bailey, who signed the general tax bond,

dated December 3rd, 1894, are alone liable for the defalcation, there being no default for any part of the school fund for the year 1896 or any year during the term of office of the defendant W. F. Williams.

That the Referee did not have evidence upon which to support his findings as to how much of other funds was used by the Sheriff in paying off to the plaintiff Treasurer the amount due on the school fund, and his findings as to this should not be sustained."

The following judgment was rendered: "The Court overrules the exceptions filed by the defendant, W. R. Ellis, and also overrules the exceptions filed by W. F. Williams, W. A. Bailey, C. G. Bailey and B. R. Bailey numbered 1, 2, 3, 6, and 7 and sustain numbers 4 and 5 and also overrules Exception No. 1, without prejudice; and cannot recover this in this action by the plaintiff and sustains No. 2 and modifies No. 3.

It is therefore considered, ordered and adjudged that the plaintiff recover of the defendants, W. F. Williams, Sheriff, principal, and W. A. Bailey, C. G. Bailey' and B. R. Bailey, sureties, the sum of fourteen thousand dollars to be discharged upon the payment of forty-nine hundred and forty and 52-100 dollars and that of the said amount the defendant, W. R. Ellis, surety, is liable in equity for one-fourth of three thousand dollars—being the sum of seven hundred and seventy-four and 35-100 dollars.

It is further considered and adjudged that the defendants, J. H. Hartman, A. E. Hartman and G. E. Barnhardt are not liable for anything.

It is further ordered and adjudged that the plaintiff recover of the defendants, W. F. Williams, W. A. Bailey, C. G. Bailey, B. R. Bailey and W. R. Ellis, the

sum of —— dollars, the costs of this action, to be taxed by the Clerk of this court, including the sum of —— dollars as an allowance to the Referee."

The defendants Bailey, who also use the name of the defendant Williams throughout, assign as error: "1. That the Court committed error in the judgment rendered overruling exceptions 1, 2, 3, 6 and 7 filed by these defendants. 2. Because he rendered judgment against the defendants for any amount whatever."

The defendant Ellis assigned as error: "1. That the Court committed error in the judgment rendered by failing to render judgment absolutely and alone against the sureties on the general tax bond. 2. That the Court erred in charging a contribution on the part of defendant Ellis to pay any part of said judgment. 3. That the Court erred in sustaining the findings of the Referee as to the amount of funds collected from other sources and used by the Sheriff in the settlement of his school tax, the evidence not warranting the findings of the Referee or the Court in such an adjudication and finding."

It appears that the full amount of the special railroad tax, and that alone, remains unsettled.

The material contentions may be briefly stated as follows: 1. That it does not affirmatively appear that the Act of March 5, 1879, was ever ratified by a popular vote, and therefore the Sheriff's bond cannot be held liable for a tax which, in the absence of such ratification, would be unconstitutional. 2. That the defendant Ellis having signed only the bond under which the Sheriff has fully settled, cannot be held liable either legally or equitably for any part of the railroad tax, even if any part of said tax had been collected and used in the payment of the school and poll tax.

The first contention cannot be sustained. The validity of the special railroad tax cannot be called in question by the defendants in this action. Admitting for the sake of the argument that the tax may be unconstitutional, the defendant Sheriff and his bondsmen are estopped from denying the validity of a tax which he has already collected. It appears from the report of the Referee and the accompanying evidence that the railroad tax was expressly included in the regular printed receipt used by the Sheriff; that the entire amount of county taxes for the year 1896 was $13,370 16, including $5,399.52 for school taxes, $4,454.89 for county purposes and $3,315.75 for railroad tax; and that of these amounts less than $100 remains uncollected, of which less than $25 would belong to the railroad tax. The Sheriff made no objection to the levy, nor does it appear that the collection of any part of the tax was obstructed by legal process or otherwise. To permit him now, after having collected $3500 in taxes, to set up the unconstitutionality of the Act under which they were collected merely as a bar to their recovery, would be in the highest degree unconscionable. This money cannot belong to the Sheriff under any construction of the law and must be paid over to the county in accordance with the obligation of his bond to "well and truly collect and account for, pay over and settle all the public taxes during his continuance in office." Whatever constitutional objections may have existed to his collecting the money, certainly none remain to his paying it over.

We think that a tax levy, in all respects regular upon its face, carries with it the presumption of validity. This presumption is not conclusive, but however slight it may be, it exists in the absence of any impeaching

fact.  Since the opinion in *Charlotte* v. *Shepard*, 122 N. C., 602, concurred in by every member of this Court, it must be considered a settled rule that the provisions of the Constitution in relation to municipal indebtedness and taxation are mandatory, and will be strictly enforced by this Court.  So great is their effect that any Act repugnant thereto, at least to the extent of that repugnance, will be declared null and void *ab initio*, not only without legal effect, but without legal existence. It makes no difference when or how such unconstitutionality appears to us; but it must be made to appear, and until it does appear, the presumption is in favor of the statute at least in matters of collateral attack.  We repeat that, even if the statute were unconstitutional and the tax levy consequently invalid (a question upon which we do not now pretend to pass), the Sheriff could not be permitted to retain monies illegally collected under color of his office.  *State* v. *Woodside*, 31 N. C., 496; *Clifton* v. *Wynne*, 80 N. C., 145, and cases therein cited.

This reasoning applies also to the exception that the plaintiff failed to show that a tax list or assessment roll had been delivered to the Sheriff.  This exception appears more clearly from the brief than from the record, but it is immaterial how it appears, as it is untenable. It seems that he must have had some kind of a list in order to have known the exact amount of taxes to collect from each individual, and it appears that he did have the duplicates in stub books as provided in Section 30, chapter 119, Laws 1895.  All the taxes, except the special railroad tax, were properly collected and accounted for, and about the amount of the special tax there seems to be no dispute.  Even if the Sheriff did not receive a technical assessment roll, as its absence

McGuire *v.* Williams.

does not seem to have hindered him·in the collection of the taxes, it need not hinder him now in paying them over.

A demand is not necessary before suit brought by the Treasurer on a Sheriff's bond, as the Sheriff is required by law to settle on or before a day certain. Moreover, a demand is necessary only to enable the debtor to pay without the expense of an action. If, as in this case, he denies the alleged indebtedness, he cannot have been injured by the want of a demand. *State* v. *McIntosh,* 31 N. C., 307; *State* v. *Woodside, supra; Commissioners* v. *Magnin,* 86 N. C., 285.

The exception of defendant Ellis, as to his liability for any part of the special taxes, must be sustained. The only bond that he signed was on the condition that the Sheriff "collect and settle and pay over to the · County and State Treasurer the *school and poll taxes,*" and this obligation has been fully met. It is true that a part of the money collected as special taxes has been used to pay the school taxes, but this could be a breach only of the general tax bond. A payment in accordance with the terms of the bond cannot be a breach of the bond; and we see no ground for equitable contribution or subrogation. *Liles* v. *Rogers,* 113 N. C., 197; *Bd. Education* v. *Commissioners,* Ibid, 379.

The judgment of the Court below is affirmed except wherein it holds the defendant Ellis liable in equity for contribution, as in our opinion he is not liable for any amount whatever. The judgment is therefore modified and affirmed.

Affirmed.