STATE OF NORTH CAROLINA EX REL. COUNTY OF GREENE ET AL. v. FIRST NATIONAL BANK OF SNOW HILL ET AL.

(Filed 2 November, 1927.)

**1. Pleadings—Demurrer—Admissions—Matters of Law.**

A demurrer to the complaint tests the sufficiency of its allegations and reasonable inferences of fact therefrom to constitute a cause of action, and do not extend to conclusions or inferences arising therefrom as matters of law.

**2. Counties—County Treasurer—Banks and Banking—Statutes—Depositories—Principal and Agent—Deposits.**

Where a county authorized by statute has appointed a bank as its fiscal agent to perform the duties of the treasurer for the county requiring a bond for the faithful performance of such duties, the surety on the bond is liable only for the proper performance of these duties of its principal.

**3. Same—Interest—Loans.**

A local bank acting under a valid appointment to perform the duties of a county treasurer, as the fiscal agent of the county, is not required by C. S., 1393, to pay interest on the deposits of county funds thus received by it, and the surety on its bond is not liable for the failure of the special depository to charge itself interest on the deposits except when the bank has loaned the funds out to third parties.

**4. Same—Roads and Highways—Deposits — Special Depositories — Malfeasance—Officers.**

Where a local bank has been lawfully appointed to perform the duties ordinarily performed by the county treasurer, and has also been appointed as a special depository for the proceeds of sale of an issue of bonds for highway construction upon which interest is required to be paid, C. S., 3655, in this dual capacity the surety on its bond for the faithful performance by the bank of the duties of county treasurer is not liable for the failure of the bank to collect interest on the funds received by it from the sale of the highway bonds, as such was not in contemplation of the surety bond. C. S., 3650.

APPEAL by defendant, Fidelity and Deposit Company of Maryland, from *Cranmer, J.,* at February Term, 1927, of GREENE.

Civil action to recover of the defendant, First National Bank of Snow Hill, as principal, and Fidelity and Deposit Company of Maryland, as surety, moneys alleged to be due, or wrongfully withheld, or not properly accounted for, by the said principal as the duly accredited Financial Agent of Greene County.

Three causes of action are set out in the complaint, to each of which the appealing defendant demurred. The demurrer was sustained as to the third cause of action and overruled as to the first two. This appeal is from the judgment overruling the demurrer to the first and second causes of action.

The material allegations of the complaint, so far as essential to a proper understanding of the legal questions involved, may be abridged and stated as follows:

### FIRST CAUSE OF ACTION.

1. On 1 November, 1920, the First National Bank of Snow Hill was duly appointed financial agent of Greene County for a term beginning the first Monday in December, 1920, and ending the first Monday in

December, 1922, under and by virtue of chapter 664, Public-Local Laws 1915, the pertinent provisions of which are as follows:

"Section 1. That the board of county commissioners of Greene County is hereby authorized and empowered, in its discretion, to abolish the office of county treasurer in the said county of Greene, and in lieu thereof to appoint one or more solvent banks or trust companies located in its county as financial agent for said county, which said bank or trust company shall perform the duties now performed by the treasurer of said county: *Provided,* that such bank or trust company shall not charge nor receive compensation for its services other than such advantage and benefit as may accrue from the deposit of the county funds in the regular course of banking.

"Section 2. That said bank or trust company appointed and acting as the financial agent of its county shall be appointed for a term of two years, and shall be required to execute the same bonds for the safe-keeping and proper accounting of such funds as may come into its possession and belonging to said county and for the faithful discharge of its duties as are now required by law of county treasurers."

(Note.—This act was repealed by chapter 53, Public-Local Laws 1925, and the office of treasurer of Greene County reëstablished.)

2. The appointment of the First National Bank of Snow Hill as financial agent of Greene County was made pursuant to and in consideration of its offer to pay 5 per cent interest on average monthly balances of county funds received and held by it as financial agent.

3. Prior to entering upon its duties as financial agent of Greene County, the said First National Bank of Snow Hill, as required by law, executed a bond in the sum of $25,000, with the Fidelity and Deposit Company of Maryland as surety thereon, for the faithful performance of its duties as financial agent, the condition of said bond being that "if the said First National Bank of Snow Hill, North Carolina, shall, during its term of office, well and faithfully execute the duties of its office and pay, according to law, and on the warrant of the chairman of the board of county commissioners, all moneys which shall come into its hands as financial agent, and to render a just and true account thereof to the board when required by law, or by said board of commissioners, then this obligation to be null and void, otherwise to remain in full force and effect."

4. It is further alleged that by reason of the agreement to pay interest on average monthly balances, as aforesaid, the First National Bank of Snow Hill became indebted to the county of Greene in the sum of $48,154.19, of which said amount $31,307.07 has been paid, leaving a

balance of $16,847.12 still due and unpaid. Wherefore, plaintiff prays judgment against the defendants for the amount of interest now due and unpaid by reason of said agreement.

### SECOND CAUSE OF ACTION.

1. In addition to the facts showing the relation of the parties, as above set out, it is alleged that on 18 July, 1921, the board. of commissioners of Greene County duly authorized the issuance of county bonds in the sum of $550,000 for the purpose of building and repairing the public roads and buildings of the county as, by chapter 70 of the Consolidated Statutes, the said board was empowered to do, section 3655 being as follows:

"All moneys derived from the sale of bonds authorized and sold under the provisions of this article or from the levy of the special road tax authorized under the provisions of this article shall be deposited by the board of county commissioners in such solvent bank or banks, if any, of said county, or if there is no bank in said county, then in any solvent bank in a neighboring county as will pay the highest rate of interest on daily balances as may be determined by the board of county commissioners, said moneys to be deposited in said bank or banks to the credit of the county road commission hereinafter provided for, and to be drawn by said commission as hereinafter directed."

2. The board of commissioners of Greene County authorized the sale of said bonds to Moyer Mendenhall, cashier of the First National Bank of Snow Hill, at par and accrued interest, further directing that upon the execution of said bonds they should be delivered to the First National Bank of Snow Hill, the county's financial agent, to.be by it delivered to the purchaser upon payment of the purchase price.

3. The defendant, upon receipt of said bonds, delivered same to the purchaser, but failed to collect $5,683.34 of accrued interest and $45,475 of the principal, and paid out of the sum received a fee of $5,000 to certain bond-buyers. Plaintiff seeks to recover these sums, alleging as the basis of its second cause of action that the First National Bank of Snow Hill, as principal, and the Fidelity and Deposit Company of Maryland, as surety, are liable for the payment thereof.

From the judgment overruling the demurrer to the first and second causes of action, the Fidelity and Deposit Company of Maryland appeals, assigning errors.

*J. A. Albritton, Cowper, Whitaker & Allen and Albion Dunn for plaintiff.*

*L. V. Morrill and Washington Bowie, Jr., for defendant, Fidelity and Deposit Company of Maryland.*

STACY, C. J., after stating the case: The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of facts contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted, but the principle does not extend to the admission of conclusions or inferences of law. *Brick Co. v. Gentry,* 191 N. C., 636; *Board of Health v. Comrs.,* 173 N. C., 250; *Wood v. Kincaid,* 144 N. C., 393.

With respect to the first cause of action, it is sufficient to say that the duties of the First National Bank of Snow Hill, as financial agent of Greene County, for the faithful performance of which the bond in suit was given, are to be ascertained by reference to the statutes defining the duties of a county treasurer. Neither the industry of counsel nor our own research has discovered any law which requires a county treasurer to pay interest on funds in his hands as such.

True, it is provided by C. S., 1393, subsec. 5, that if any part of the public funds in the hands of a county treasurer has been loaned out by him, he shall account for the interest received thereon, but this is not the interest for which the plaintiff sues. There is no allegation of any interest received on moneys loaned and not covered into the treasury of the county. The action is for interest agreed to be paid, and not paid, on funds received by the financial agent of the county and held by it as such. As the law did not impose this duty upon the financial agent of the county, we cannot hold the surety liable on the bond in suit. *Board of Education v. Bateman,* 102 N. C., 52, 8 S. E., 882.

The liability of the bondsman is the only question presented by the appeal. The fact that the principal went beyond the requirements of the law and agreed to pay interest on funds in its hands as financial agent, cannot enlarge the liability of the surety beyond that imposed by law and the terms of its contract of suretyship. Such liability is neither prescribed by statute nor nominated in the bond. *Ins. Co. v. Durham County,* 190 N. C., 58. It was never intended by the act of the Legislature, ch. 664, Public-Local Laws 1925, that the treasurership or financial agency of Greene County should be farmed out or let to the highest bidder. The board of county commissioners was authorized and empowered, in its discretion, to abolish the office of county treasurer and, in lieu thereof, to appoint one or more solvent banks and trust companies as financial agent of the county to perform the duties of treasurer.

The second cause of action is likewise untenable as against the Fidelity and Deposit Company of Maryland. It is founded upon allegations of misfeasance on the part of the First National Bank of Snow Hill in the discharge of duties not required of it as financial agent of Greene County and not covered by the bond in suit.

It was no part of the duties of the county treasurer, or financial agent, as such, to handle the funds derived from a sale of the road bonds in question; but such funds, under C. S., 3655, above set out, were to be deposited by the board of county commissioners in some solvent bank or banks, agreeing to pay the highest rate of interest on daily balances, to the credit of the county road commission, and subject to the orders of said road commission.

The fact that the commissioners selected the First National Bank of Snow Hill as such depository, without bond, as the statute required none, even though designated as the financial agent of the county, did not render the Fidelity and Deposit Company of Maryland liable on its contract of suretyship. If the said bank acted as agent of the board of county commissioners in handling the bonds in question, it did so as such agent, and not in its capacity as financial agent of the county.

But it is contended that the bonds in question were received by the First National Bank of Snow Hill under color of its office as financial agent of the county and, therefore, it was charged with the duty of faithfully accounting for the same. In support of this position, plaintiff cites C. S., 3650, which is as follows:

"In selling the bonds and in handling the funds derived from the sale of the bonds, and in turning same over to the bank or banks of the county hereinafter authorized to be the depository of such funds, the board of county commissioners, the county road commission, or the treasurer of the county shall not be allowed any fees for handling such funds."

It is conceivable that this position might be tenable under a certain state of facts, but, on the present allegations, it is hardly permissible to infer that the bonds in question were delivered to the First National Bank of Snow Hill, as financial agent of the county, to be by it delivered to the purchaser, and the proceeds derived therefrom to be received by the financial agent of the county in its capacity as such, and by it to be delivered to itself as the designated depository of said funds. It is quite patent, from the allegations presently appearing of record, that in the handling of these bonds the First National Bank of Snow Hill was acting as the designated depository of the funds to be derived from a sale of the same. *Board of Education v. Bateman, supra.*

Upon the record we think the demurrer, interposed by the Fidelity and Deposit Company of Maryland to the first and second causes of action, should have been sustained.

Reversed.