THE FARMERS BANKING AND TRUST COMPANY, of TARBORO, N. C., FINANCIAL AGENT OF EDGECOMBE COUNTY, NORTH CAROLINA, v. THE COUNTY OF EDGECOMBE, NORTH CAROLINA.

(Filed 19 September, 1928.)

**Municipal Corporations—Officers, Agents and Employees—Banks Acting as County Treasurers—Contracts—Constitutional Law.**

Where the office of county treasurer has been abolished and a bank or trust company has been appointed under the provisions of C. S., 1389, to perform the duties of treasurer, and receive as compensation the profits of the moneys deposited by the county arising in the course of the bank's business as such, the arrangement so made is not a contract between the county authorities and the bank contemplated by the provision of the Constitution prohibiting the impairment of the obligations of a contract, but the obligations arise by statutory provisions relating to public matters within legislative control, and the contention of the bank is untenable that the county may not at a later date, under authority of statute, require it to give bonds for the protection of the public funds, or to pay interest on the daily average balance. Public Laws 1927, ch. 146, sec. 19.

APPEAL by plaintiff from *Midyette, J.,* at Chambers in Nashville, 3 May, 1928. From EDGECOMBE.

Controversy without action, submitted on an agreed statement of facts, to determine the right and duty of the board of commissioners of Edgecombe County, under section 19, chapter 146, Public Laws 1927, to require the plaintiff to furnish surety bonds and pay 2% interest on the average daily balance during each calendar month of all moneys or deposits held by it as financial agent of the county.

The facts, so far as essential to a proper understanding of the legal question involved, may be abridged and stated as follows:

1. Pursuant to the provisions of chapter 142, Public Laws 1913, and chapter 458, Public Laws 1915, now C. S., 1389, the board of commissioners of Edgecombe County duly abolished the office of treasurer of said county, and on the first Monday in December, 1916, and biennially thereafter, appointed a solvent bank or trust company as financial agent of the county to perform the duties theretofore devolving upon the treasurer.

2. The Farmers Banking and Trust Company, of Tarboro, N. C., was duly appointed financial agent of Edgecombe County on the first Monday in December, 1926, for the ensuing term of two years, which said term will not expire until December, 1928. This appointment was accepted, personal bonds were executed, and the plaintiff duly entered upon the discharge of its duties as such financial agent.

3. Agreeably to the provisions of section 19, chapter 146, Public Laws 1927, the board of commissioners of Edgecombe County, by resolution

duly adopted, 3 October, 1927, designated the Farmers Banking and Trust Company, of Tarboro, N. C., as the official depository of the funds of the county and called upon said depository to furnish a surety bond, as required by said section, and also a surety bond to cover the county school funds as provided by 3 C. S., 5619, and specified that said depository should pay interest on county deposits at the rate of 2% per annum computed on the average daily balance during each calendar month.

Compliance with this resolution has been refused by the plaintiff.

The court being of opinion that the board of commissioners was within its rights in adopting said resolution, entered judgment, in accordance with the agreement of the parties, that the plaintiff should abide by the terms thereof and comply therewith.

Plaintiff appeals, assigning error.

*George M. Fountain for plaintiff.*
*Henry C. Bourne and Battle & Winslow for defendant.*

STACY, C. J. It is provided by C. S., 1389, that when the office of county treasurer is abolished, by the commissioners of any of the counties designated therein, and in lieu thereof one or more solvent banks or trust companies located in the county is appointed as financial agent of the county, "such bank or trust company shall not charge nor receive any compensation for its services, other than such advantages and benefit as may accrue from the deposit of the county funds in the regular course of banking." Having been appointed financial agent of Edgecombe County for a term of two years under the provisions of this statute, it is the position of the plaintiff that the commissioners may not thereafter and during said term, under sanction of legislative authority, change the terms of its appointment by demanding the execution of surety bonds and exacting the payment of 2% interest on public deposits, without "impairing the obligations of the contract" within the meaning of the constitutional provision on the subject. The position is untenable. The terms of plaintiff's appointment are not fixed by contract with the commissioners of the county, but by the statute under which the appointment was made. *Comrs. v. Steadman,* 141 N. C., 448, 54 S. E., 269; *Mial v. Ellington,* 134 N. C., 131, 46 S. E., 961; *S. v. Bank,* 194 N. C., 436, 140 S. E., 38.

The contract clause of the Constitution of the United States, Art. I, sec. 10, as interpreted in a number of decisions, is restricted to engagements, or contracts, "which respect property, or some object of value, and confer rights which may be asserted in a court of justice." *Dartmouth College case,* 4 Wheat., 518. It has no application to statutes

relating to public subjects within the domain of the general legislative power of the State, and involving the public rights and public welfare of the entire community affected by it. *Newton v. Comrs.,* 100 U. S., 548, 25 L. Ed., 710.

In the instant case the action of the board of commissioners, which plaintiff questions, is fully authorized by section 19, chapter 146, Public Laws 1927, wherein it is provided that the county commissioners shall require of official depositories of county funds "a bond in some surety company authorized to do business in North Carolina in an amount sufficient to protect such deposits," and further: "It shall be the duty of the board of commissioners to provide by recorded resolution for interest to be paid on public deposits at a rate to be determined by the board of commissioners."

The judgment is correct and will be upheld.

Affirmed.